<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4207**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LEO ANTONIO SMITH,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Joseph R. Goodwin, Chief District Judge.  (2:08-cr-00101-1)

Submitted:  May 13, 2010                 Decided:  June 7, 2010

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan,  HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leo Antonio Smith pled guilty without a plea agreement to distributing cocaine base (crack), in violation of 18 U.S.C. § 841(a)(1) (2006). The district court imposed a thirty-four-month sentence, an upward variance from the sentencing guidelines range of ten to sixteen months. On appeal, Smith challenges the sentence, claiming that the district court imposed a substantively unreasonable sentence and that the district court should have used a beyond a reasonable doubt standard to justify an upward variance. He also questions whether the district court erred by failing to append a written statement of reasons to its written judgment. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment

need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

In this case, we conclude that the district court did not err in varying upward to a sentence of thirty-four months. The court considered testimony from eleven witnesses and based its decision on Smith's extensive pending state criminal charges, propensity for violence toward women, bond violations, drug use, and gunplay. The court analyzed Smith's behavior within the framework of the § 3553(a) factors and determined that the above sentence was necessary to promote respect for the law, protect the public, and deter Smith's criminal conduct, as well as the criminal conduct of others.

We further find that the district court correctly relied on a preponderance of the evidence standard when considering the facts underlying its decision for an upward variance. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In the context of factual proof at sentencing, this court relies on a preponderance of the evidence standard.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED